UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN,<br><br>                Petitioner<br>    v.<br>CDCR,<br><br>                Respondent. | CASE NO. 16cv2622-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the "Notice of Change of Address/Motion for Status of Case" (ECF No. 8) and the "Motion to Vacate" filed by Petitioner Shawn Albin (ECF No. 10).

**I. Background**

On October 19, 2016, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner concurrently filed a Motion for Stay and Abeyance. (ECF No. 2). On November 8, 2016, this Court dismissed the Petition without prejudice and with leave to amend. The Court concluded that Petitioner had not paid the filing fee or qualified to proceed in forma pauperis and had failed to state grounds for relief. (ECF No. 4). In the Order, the Court determined that Petitioner's Motion for Stay and Abeyance was "essentially asking for an extension of the one-year statute of limitations." *Id.* at 2. The Order stated,

> The Court is without jurisdiction to extend the one-year statute of limitations of 28 U.S.C. § 2244(d)(1)(A)-(D), which provides that the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1)(A)-(D) (2008).
> The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

*Id.* at 2-3. The Court further concluded that the Motion for Stay and Abeyance failed to satisfy the *Rhines* requirements. *See Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). The Order stated,

> If Petitioner wishes to proceed with this case, he must, no later than February 13, 2017: (1) pay the $5.00 filing fee OR submit adequate proof of his inability to pay the fee; AND (2) file First Amended Petition that adequately states grounds for relief. . . . Petitioner may resubmit a motion for stay with any amended petition. Petitioner is advised that in his motion for stay he must establish how he satisfies the *Rhines* requirements.

(ECF No. 4 at 3).

After Petitioner filed a motion for leave to proceed in forma pauperis, the Court granted Petitioner leave to proceed in forma pauperis. (ECF No. 6). The Court stated, "[P]ursuant to its November 8, 2016 Order, the case remains closed. In order to

1  have it reopened, Petitioner must submit a First Amended Petition no later than
2  February 13, 2017." *Id.* at 2.

**II. Motion for Status of Case**

On March 16, 2017, Petitioner filed a "Notice for Change of Address/Motion for Status of Case." (ECF No. 8). The motion notifies the Court that Petitioner has been transferred and requests that the Court take note of his new address. *Id.* at 1. Petitioner states that he "is having difficulties obtaining his property which contains all of his legal materials." *Id.* at 2. Petitioner contends that prison officials are preventing Petitioner from receiving his court documents and "are restricting Petitioner's access to the courts by way of denying him access to his legal court documents." *Id.* Petitioner asks the Court if "any rulings [have] been rendered in this matter and sent to where petitioner was previously located." *Id.* at 3. Petitioner requests "a printout of the current docket in this matter and any court orders which may have been rendered." *Id.*

**III. Motion to Vacate**

On March 11, 2017, Petitioner filed a "Motion to Vacate." (ECF No. 10). Petitioner requests that the Court vacate its November 8, 2016 Order and reinstate both the Petition and the Motion for Stay and Abeyance. *Id.* at 1. Petitioner contends that he did not discover that the Petition had been dismissed until March 28, 2017. *Id.* at 3. Petitioner contends that he "does not yet know enough about what position the court has taken on Petitioner's stay and abeyance petition/motion in order to even file a First Amended Petition." *Id.* Petitioner requests that the Court vacate its November 8, 2016 Order, provide Petitioner with a copy of the November 8, 2016 Order, and consider his Petition and Motion for Stay and Abeyance. *Id.* at 4.

**IV. Ruling of the Court**

Initially, the Court notes that the Clerk of the Court has updated Petitioner's address on the docket. This case is currently closed. Petitioner has not complied with this Court's previous Orders. Petitioner has not filed a First Amended Petition. Accordingly, Petitioner's case remains closed.

1       The Motion for Status of Case is GRANTED. (ECF No. 8). The Clerk shall send to Petitioner at his new address: (1) a copy of the docket; (2) a copy of all Orders issued in the case, and; (3) a blank Southern District of California amended petition form.

      The Motion to Vacate the Court's Order on November 8, 2016 is DENIED. (ECF No. 10).

      The Court grants Petitioner an extension of time to comply with the Court's prior Orders. To have this case reopened, Petitioner must, no later than Friday, July 7, 2017, provide the Court with a first amended petition which cures the defects of the Petition identified in this Court's previous Orders. Petitioner may resubmit a motion for stay with any amended petition. Petitioner is cautioned that this Order does not extend the otherwise applicable one-year statute of limitations period provided in 28 U.S.C. § 2244(d)(1).

DATED: April 25, 2017

**WILLIAM Q. HAYES**
United States District Judge